122    GULF, WEST TEXAS & P. R'Y CO. v. MONTIER.    [Galv. Term,

Opinion of the court.

THE GULF, WEST TEXAS & P. R'Y CO. v. F. S. MONTIER.

(Case No. 1680.)

1. PLEADING.— Though a pleading for want of specific averments may be bad on special exception, yet if it states, though in terms too general, a cause of action *prima facie*, an exception to it which fails to point out specifically the defect in the pleading should be overruled. See opinion for an illustration of this rule.

2. ASSIGNMENTS OF ERROR.— Appellant relied on the following assignments of error: . . . " II. The court erred in overruling the motion of defendant for a new trial: 1. Because the verdict was contrary to law. 2. Because the verdict was contrary to the instructions of the court. 3. Because the verdict was contrary to the evidence. III. The court erred in overruling the motion for a new trial, because, under the law and the instructions of the court, the verdict was not supported by the evidence." *Held:* That, in view of the statute and the rules of court, the assignments of error were too general to receive consideration.

APPEAL from De Witt. Tried below before the Hon. H. Clay Pleasants.

*Stockdale & Proctor*, for appellant.

*M. E. Kleberg*, for appellee.

WEST, ASSOCIATE JUSTICE.— The first error to which our attention has been invited is the action of the district court in overruling the general demurrer of appellant to the original petition of appellee.

The petition is certainly, in some respects, objectionable. It does not state as distinctly and clearly as should be done the grounds upon which the appellee bases his right to recover in this case. If, on that account, it had been specially excepted to, no doubt the court would have sustained such special exception and required the appellee to state more specifically, distinctly and clearly the special facts on which he based his right to recover.

This, however, was not done; there was no objection of any kind made to the appellee's mode of stating his cause of action, except a mere general demurrer, setting forth in the most general terms that the petition was in manner and form insufficient, without in the least pointing out what the defects were which appeared on the face of appellee's petition.

In Whetstone v. Coffey, 48 Tex., 271, Chief Justice Roberts lays down the general rule that governs cases of this character in the following language: "The petition, however loosely and carelessly worded it may be, seems to cover sufficient grounds to contain a cause of action — *prima facie* at least. Upon a general exception every reasonable intendment should be indulged in favor of pleading thus excepted to."

The petition under consideration alleges that on account of the gross negligence and the want of proper care of appellant the boiler of its engine at which appellee was at work exploded and injured him. Such an explosion, of itself, is an act of negligence sufficient to charge the appellant with responsibility on the ground of negligence. At least, on a general demurrer, such a petition must be held to state a cause of action.

The remaining assignments of error are as follows:

. . . "II. The court erred in overruling the motion of defendant for a new trial: 1. Because the verdict was contrary to law. 2. Because the verdict was contrary to the instructions of the court. 3. Because the verdict was contrary to the evidence."

"III. The court erred in overruling the motion for a new trial, because under the law and instructions of the court the verdict was not supported by the evidence."

These assignments of error are objected to for want of compliance with the statute (R. S., art. 1037) and the rules (Rules 23, 24, 25 and 26, District Court). We cannot disregard this objection. The assignments are very general in their character, and do not point out the objection to the action of the court, and designate particularly the exact parts of the record in which the error is supposed to exist.

The following assignments of error, which are quite as definite as those above set forth, have been held too defective to justify us in examining the record:

"That the court erred in its instructions to the jury; that the finding of the jury is contrary to law and contrary to and without evidence; that the court erred in refusing to grant a new trial upon the grounds set forth in the motion for new trial." Such assign-

ments of error are too general to be considered by courts. H. & T. C. R. R. Co. *v.* McNamara, 1 Tex. Law Review, p. 244; Pearson *v.* Flanagan, 52 Tex., 266.

We may add, however, in this connection, that we have, in fact, examined the record, and are of the opinion that in view of the *remittitur*, entered in the court below, the appellant has no serious cause of complaint.

The evidence disclosed that the engine was old and out of repair. It showed, and the jury so found, that it exploded when carrying only seventy-two pounds of steam, when eighty pounds was necessary to do the work in which it was used.

There is no serious error in the record, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 15, 1884.]