Opinion by
"White, P. J.
§ 574. Pleading; general demurrer; effect of; case stated. Heidenheimer & Co. sued Gallagher & Co. upon a draft, purporting to have been accepted by said Gallagher & Co. The petition alleged that the firm of Gallagher & Co. was composed of P. W. Gallagher and W. D. W. Peck. Peck pleaded: 1. General denial. 2. Denial of partnership with Gallagher, and non est factum. which plea was duly sworn to. 3. A special plea alleging a limited partnership with Gallagher, and that under the terms thereof he was not liable for this debt. A general demurrer to all these pleas was sustained by the court, and judgment was rendered against Gallagher & Co. and Peck individually for the plaintiffs’ debt, interest and costs. Held: 1. The plea of non est factum and denial of partnership was properly verified by affidavit, and upon its face was a good plea. [R. S. art. 1265.] Even if it was defective in form, such defect could not be reached by a general demurrer. [W. & W. Con. Rep. §§ 698, 792.] 2. There can be no question but that the court erred in sustaining the general demurrer to the general denial. The rule is well settled that a general demurrer will not reach a general denial. [Ante, § 491; Bedwell v. Thompson, 25 Tex. Sup. 245.] 3. The special answer, though defective in form, perhaps, presented a valid defense, and was not obnoxious to a general demurrer. A pleading for the want of specific averments *507 may be bad on special exception, yet if it states, though in terms too general, a cause of action or-defense, prima facie, an exception to it, which does not point out specifically the defect, should be overruled. [R. R. Co. v. Montier, 61 Tex. 122; W. & W. Con. Rep. §§ 1, 71, 693, 792.]
March 7, 1885.
Reversed and remanded.