Opinion delivered June 7, 1887.

|   |   |
|---|---|
| 68 | 446 |
| 77 | 507 |

### No. 5820.

## M. KOEPSEL ET AL. v. JOHN ALLEN ET AL.

1. SURVEY—MISTAKE.—Though in ascertaining the true location of a corner of a survey, a call for a natural object is of the highest dignity, to which other conflicting calls must yield, yet such a call is only invested with superior dignity because of its greater certainty; since the surveyor is more likely to have been mistaken in his calls for course, distance and quantity than in a call for a fixed natural object. It does not follow, however, that a call for a natural object must, if the object be found, fix it absolutely as one of the bounds of the survey, since the surveyor may have committed a mistake in calling even for the natural object; to show such mistake evidence is admissible. See opinion for facts illustrating the rule.

APPEAL from Guadalupe. Tried below before the Hon. George McCormick.

*James Greenwood,* for appellants, cited Stafford v. King, 30 Texas, 257; Oliver v. Mahoney, 61 Texas, 610; Jones v. Andrews, 62 Texas, 652.

*W. E. Goodrich,* for appellees.

GAINES, ASSOCIATE JUSTICE. This suit involves the questions of the true location of the Moses Baker league survey—appellees, who were plaintiffs below, contending that its east boundary extends to the Guadalupe river, and appellants claiming that it stops at a certain slough, or old river bed, which lies west of the river as it now runs. The land in controversy lies between the river and the slough.

The field notes of the Baker grant call for the river, but the courses and distances do not conform to the meanders of the stream. The evidence shows that the calls very nearly correspond with the configuration of the slough. It also appeared by the testimony that the slough at one time may have been the channel of the river, though such was probably not the case at the time the Baker league was surveyed. A witness also testified that if the survey was made at a time when the waters were high, the slough might have been mistaken for the river. In brief, there was testimony tending to show that the surveyor may have run along the slough, supposing it to be the river, and that the call for the river was the result of a mistake. Such being the evidence, the court erred in charging the jury that they should find for the plaintiffs, if they showed title to the Baker league, unless they found for defendants under the plea of the statute of limitations; and that if the grant calls for the river the land would extend to that boundary. A call for a natural object is the call of the highest dignity, because such an object is the most permanent and conspicuous, and the least likely to have given rise to a mistake. But such a call is not absolute; it may be shown to be a mistake like any other. There is not such importance or sanctity attached to it as to require the courts to depart from the cardinal rule in determining boundaries, that the lines actually run by the surveyor, whenever they can be ascertained by any competent testimony, are always the true limits of the survey. (Jones v. Burgett, 46 Texas, 285; Castleman v. Ponton, 51 Texas, 84; Booth v. Upshur, 26 Texas, 64; Booth v. Strippleman, 26 Texas, 436.) Appellants's third and fourth assignments of error, which complain of the charge in the particulars just considered, are well taken.

The seventh assignment, that "the court erred in refusing to give the instructions asked for by the defendants and refused by the court," and the first, that "the court erred in not granting a new trial, because the verdict and judgment were contrary to and against the law and was not supported by the evidence," are too

general and will not be considered. The charges refused contained two propositions. The assignments should have distinctly specified in what the error consisted. In case of another trial, however, it may be said that plaintiffs, before they closed their testimony, should have adduced testimony to show that the land in controversy was embraced in the Baker grant. But for the errors in the charge of the court, which have been pointed out, the verdict would not be disturbed.

For the error of the court in withdrawing from the jury the question whether the east boundary of the Baker league, as originally run, extended to the river or to the slough, the judgment is reversed and cause remanded.

*Reversed and remanded.*