## W. J. Teague v. George W. Teague.

Decided January 3, 1900.

**1. Deed—Conditions Subsequent Implied—Forfeiture.**

A conveyance of land in fee in consideration of the payment to the grantor, during his life, of an annual rent of one-third of the corn and one-fourth of the cotton raised upon the premises conveyed, necessarily implies a condition subsequent that the grantee shall cultivate the same, a failure to comply with which will entitle the grantor to an action to set aside the deed.

**2. Same—Pleading—Breach of Condition.**

See averments of breach of an implied condition that grantee shall cultivate the land conveyed to him (the consideration being payment to the grantor during life of a certain part of the crop raised thereon) held sufficient upon general demurrer.

**3. Pleading—General Demurrer.**

As against a general demurrer, every reasonable intendment is indulged in favor of the pleading excepted to.

APPEAL from San Saba. Tried below before Hon. M. D. Slator.

*Leigh Burleson,* for appellant.

*Rector & Brown,* for appellee.

KEY, Associate Justice.—The action of the court in sustaining a general demurrer to appellant's petition is the only question presented for decision. The petition, omitting formal parts and description of the land, reads as follows:

"For cause of action, plaintiff would show that prior to December 12, 1895, he was the owner and possessor of the following described lands, holding the same in fee simple. That on the day and date above mentioned, plaintiff, for the purpose of providing against the infirmities of old age, made, executed, and delivered to defendant a deed to said land, a copy of which is attached to plaintiff's original petition and the original deed is attached to defendant's answer herein. That the consideration in said deed as was expressed therein was that defendant would pay to the plaintiff annually one-third of the corn and one-fourth of the cotton raised on said land. This, plaintiff says, defendant has wholly failed and refused to do. Plaintiff avers that defendant has failed to cultivate said land, but has allowed the cultivated land upon said place to grow up in weeds, brambles, and shrubs; that he has allowed the fences and other improvements to get out of repair, to rot, to go to decay, and fall down in many places; that he has so neglected said fencing that it is not possible to save any crop that might be planted on said land. [Here follows description of

the land.]    That defendant claims said land by virtue of said deed and is now in possession of the same, and that defendant is wholly insolvent.

"Plaintiff says that being old and feeble, very poor, and unable to do manual labor, and having full faith and confidence in the defendant, whom he raised from an infant, he made the deed above referred to.  But he says that the defendant has utterly and wholly disregarded the terms and conditions of said deed, and is allowing said land to go to ruin and decay, thereby rendering it impossible to make and gather crops upon the same, thus depriving plaintiff, in his helpless condition, or ever receiving rents or revenues therefrom, as was the moving cause of making said deed, and thus utterly defrauding plaintiff of the expected support in his old age.

"Plaintiff gives notice to defendant to produce on the trial said original deed made on December 12, 1895.  In case he fails to do so, plaintiff will use a certified copy thereof upon trial.

"Premises considered, plaintiff's prayer is that defendant be cited in terms of the law to appear and answer this petition, that upon trial hereof he have a decree canceling and annulling said deed of December 12, 1895, and for writ of possession against defendant, for the possession of said land and premises, and for such other relief, general and special, both at law and in equity, as upon trial hereof he may show himself entitled."

The deed referred to, omitting description, reads thus:

*"The State of Texas, County of San Saba.*—Know all men by these presents that I, W. J. Teague, of the county of San Saba, in the State aforesaid, for and in consideration of the sum of one dollar and the consideration hereinafter expressed as follows: paid and to be paid by Geo. W. Teague the annual rent of ($\frac{1}{3}$) one-third the corn & ($\frac{1}{4}$) the cotton raised on the after described land, said rent to be due yearly as the same is raised, during my natural life, said rent to be due and payable to me annually.  The corn in Sep. and the cotton delivered to the nearest convenient gin each year & at my death the said Geo. W. Teague to have the title to said land in fee, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said Geo. W. Teague, of the county of San Saba and State of Texas—[Here follows description of the land.]

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Geo. W. Teague, upon the conditions hereinbefore expressed, his heirs and assigns forever; and I do hereby bind myself and my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Geo. W. Teague his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof.

"Witness my hand at San Saba this 12 day of Dec. A. D. 1895.

"W. J. TEAGUE."

While the deed does not in express terms stipulate that the cultivated land should be planted in corn and cotton, this obligation is necessarily implied; and the same may be said in reference to the forfeiture of title. While the deed does not expressly stipulate for such forfeiture, in the event of noncompliance by the grantee, the title is conveyed in consideration and upon condition of such performance. Hence we hold that these stipulations are not mere covenants, but are conditions subsequent, the failure to perform which authorizes a forfeiture, and entitles the grantor to maintain an action to set aside the deed. Byars v. Byars, 11 Texas Civ. App., 568; Johnson v. Gurley, 52 Texas, 226; Jenkins v. Jenkins, 3 Monroe, 327; Iron Co. v. City of Erie, 41 Pa. St., 349; Wilson v. Wilson, 86 Ind., 473; Leach v. Leach, 58 Am. Dec., 642.

The averments of the petition are meager, but in substance they charge a breach of the conditions referred to in the deed. In this State the rule is that, as against a general demurrer, every reasonable intendment is indulged in favor of the pleading excepted to. Whetstone v. Coffee, 48 Texas, 271; Railway v. Montier, 61 Texas, 122; Pennington v. Schwartz, 70 Texas, 211.

In view of the rule referred to, we think the petition was sufficient as against a general demurrer, and for this reason the judgment is reversed and the cause remanded.

