MOORE v. COOPER MFG. CO. (No. 7236.)

(Court of Civil Appeals of Texas. Dallas. Dec. 19, 1914.)

1. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error in that the verdict was contrary to the law and the evidence, because it should have been for the full amount of plaintiff's claim, was too general, and violated the rules of practice, and would be considered as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

2. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

In an action for services as a salesman and collector, error, if any, in charge on the question of damages raised by the defendant was without prejudice to plaintiff, where the verdict found against defendant on its plea for damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

3. APPEAL AND ERROR (§ 272*)—INSTRUCTIONS—OBJECTION.

Under Rev. St. 1911, §§ 1971–1973, 2061, as amended by Acts 33d Leg. c. 59, providing that, where a party fails to object to the charge before it is given, it is to be regarded as approved by him, plaintiff, who did not except to the refusal of his requested special charges, and whose only objection to the charge was filed after judgment, without any showing that it was ever known to the court, will be held to have approved the charge.

[Ed. Note.—For other cases, Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. § 272.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—INDEFINITENESS.

An assignment of error in that "the court erred in overruling plaintiff's motion for a new trial, because said errors were pointed out in said motion," submitted as a proposition, was too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from Navarro County Court; R. R. Owen, Judge.

Action by R. S. Moore against the Cooper Manufacturing Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Jack & Jack, of Corsicana, for appellant. Callicutt & Call, of Corsicana, and Seay & Simon and Theodore Mack, all of Ft. Worth, for appellee.

RAINEY, C. J. Appellant sued appellee to recover for services rendered as salesman of vehicles for appellee, and as collector, and sued out a writ of attachment; appellee being a nonresident. Appellee answered by the general issue, and specially that appellant was guilty of fraud in making sales, in that he made false reports as to the purchasers' financial ability, as was his duty to do, which caused appellee to be damaged, etc. The writ of attachment was quashed. A trial on the merits was had, and verdict and judgment rendered for $10 in favor of appellee, and appellant prosecutes this appeal.

## Conclusions of Law.

[1] 1. The first and second assignments of error are substantially that the verdict is contrary to the law and evidence; for, according to the evidence, the verdict should have been for the full amount of plaintiff's claim. Appellees objected to the consideration of these assignments, because too general and violative of the rules of practice. This objection is sustained, and said assignments will be considered as waived. Jenkins v. American Co. (Sup.) 2 S. W. 726; Koepsel v. Allen, 68 Tex. 446, 4 S. W. 856; Cartmell v. Gammage, 64 S. W. 315.

[2] 2. The third and sixth assignments complain of the court's charge in instructing the jury on the question of damages pleaded by appellee. The jury by their verdict found against appellee on their plea for damages, and hence appellant was not injured by said charge; therefore said assignments are overruled.

[3] 3. The seventh assignment of error will not be considered because in violation of the rules, in that it complains of the general charge of the court for not charging "the law applicable to the case," and in not giving special charges asked by appellant. There are four special charges asked by appellant,

shown by the record, which were refused, but there is no exception shown to have been taken to the refusal. There is only an objection shown, and that is to paragraph 7 of the main charge, which purports to have been filed January 30, 1914, two days after the judgment was rendered, and there is nothing to show that said objection was ever made known to the court. Acts 33d Leg. p. 113, arts. 1971–1973, 2061; Railway Co. v. Barnes, 168 S. W. 991; Compress Co. v. Saunders, 70 Tex. 699, 6 S. W. 134.

4. There was no error in quashing the writ of attachment as complained of in the eighth assignment.

[4] 5. The ninth assignment is:

"The court erred in overruling plaintiff's motion for a new trial, because said errors were pointed out in said motion."

This assignment is submitted as a proposition. This assignment is too general and indefinite for us to consider, and the same will not be discussed.

6. The judgment is affirmed.