MATHESON v. C-B LIVE STOCK CO. et al.
(No. 1202.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 24, 1917. Rehearing Denied Nov. 14, 1917.)

1. APPEAL AND ERROR ☞733—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, requiring appellant or plaintiff in error to file assignments of error distinctly specifying the grounds on which he relies, provided that, where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error, and provided, further, that all errors not distinctly specified are waived, but that an assignment shall be sufficient which directs the attention of the court to the error complained of, an assignment that the court erred in rendering judgment, in that there is no evidence to support the judgment, was too general, as it does not point out in what particular the evidence does not support the judgment.

2. APPEAL AND ERROR ☞742(6) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

In a suit for specific performance, defended on the ground that the chief consideration for the construction was omitted by mutual mistake, propositions asserting in effect that there was no plea of mutual mistake, and that the finding and judgment were without pleadings to support them, were not germane to an assignment that the court erred in rendering judgment, in that there was no evidence to support it.

3. APPEAL AND ERROR ☞719(8) — ASSIGNMENTS OF ERROR—NECESSITY—FUNDAMENTAL ERROR.

If the judgment is not supported by any pleading, its rendition is fundamental error, and it should be set aside on appeal, whether the error is assigned or not.

4. APPEAL AND ERROR ☞301—PLEADING ☞419—WAIVER OF OBJECTIONS—VARIANCE—MOTION FOR NEW TRIAL.

In a suit for specific performance, in which defendant pleaded mutual mistake, an order appeared in the record sustaining exceptions to the answer setting up mutual mistake, but not purporting to eliminate the particular paragraph setting up mutual mistake, and it was not otherwise eliminated. More than a year thereafter the case was tried on such answer, without any exception or objection to evidence on the ground that there was no plea of mutual mistake, or any exception or objection to the charge in submitting that issue to the jury because there was no such plea, and the motion for a new trial, instead of requesting that the verdict be set aside because there was no such plea, asserted error in overruling the exceptions, which the order showed to have been sustained. Held, that the order sustaining the exceptions was waived, and plaintiff was estopped from asserting that there was no pleading setting up the issue.

5. APPEAL AND ERROR ☞916(1) — PRESUMPTIONS—SUBMISSION TO JURY.

If the exception was sustained, as indicated by such order, it might be presumed from the record that the trial judge subsequently changed his mind, and submitted the issue of mutual mistake to the jury as one properly pleaded.

Error from District Court, Crosby County; W. R. Spencer, Judge.

Action by H. D. Matheson against the C-B Live Stock Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Bean & Klett, of Lubbock, for plaintiff in error. J. W. Burton, of Crosbyton, for defendants in error.

HUFF, C. J. The plaintiff in error, Matheson, instituted this suit against defendants for specific performance of a contract of sale to a certain half block in the town of Crosbyton, executed by plaintiff and defendant C-B Live Stock Company. The other defendant, Crosbyton & South Plains Townsite Company, was made party upon the grounds that it was asserting some sort of claim to the property. For terms and provisions of the contract reference is here made to the report of this case upon a former appeal. 176 S. W. 734. After reversal of this case the defendants amended their answer, and alleged that the $50 consideration recited in the contract was not the sole consideration thereof, but that the chief consideration was that the plaintiff in error should build a dwelling on the lot, which provision was omitted from the contract by the mutual mistake of the parties thereto, and that the plaintiff obtained the original contract with such provision omitted as to the building, by fraud, etc. By supplemental petition plaintiff in error filed a number of exceptions, and also denied that he agreed to erect such building on the lot as any part of the contract.

[1] The first assignment is:

"The trial court erred in rendering judgment against the plaintiff, in that there is no evidence to support said judgment."

The defendant in error objects to the assignment, because it is too general. This objection should not be disregarded by us. It does not point out in what particular the evidence does not support the judgment. The statement of facts in the record consists of some 35 pages. The error in rendering judgment must be surmised by us, aside from the assignment. Article 1612, Vernon's Sayles' Civil Statutes; Railway Co. v. Menter, 61 Tex. 122; Ackerman v. Huff, 71 Tex. 317, 9 S. W. 236; Koepsel v. Allen, 68 Tex. 446, 4 S. W. 856; Modern Woodmen, etc., v. Yanowsky, 187 S. W. 728.

[2] This assignment is not followed by propositions pointing out the particular in which the evidence fails to support the judgment, but the five propositions thereunder each in effect assert that there was no plea of mutual mistake in omitting from the contract the agreement by plaintiff to build a house upon the lot and that the finding by the jury of mutual mistake was without pleadings to support it. The jury found against defendant on the issue of fraud, and therefore upon the finding of the jury and the pleadings the trial court was not warranted in rendering the judgment. These several propositions are not germane to the assignment and the proposition involved in the assignment cannot, therefore, be properly considered by us. However, from our reading of the facts we are impressed that the evidence authorizes the inference that plaintiff and defendant agreed to the stipulation as alleged, and that the scrivener drawing the contract was instructed by the parties to place that provision of the contract in the instrument, but that owing to the fact that a great number of prospectors on that day were looking at the lands of the Live Stock Company to purchase, and did purchase several tracts, for which contracts were then being drawn, and that this contract was different from the others, as plaintiff wanted the particular contract for the block in controversy in addition to the regular contract, in the hurry of preparing and signing this and other contracts the omission was occasioned and overlooked by the parties thereto.

[3] The plaintiff, under this assignment, urges five propositions which present in effect that there was no plea of mutual mistake, and therefore the judgment was improperly rendered. These propositions, it is useless to say, are not relevant or germane to the assignment and can only be considered on the theory that the error is fundamental. It is fundamental if there is no pleading to support the judgment, and its rendition would be erroneous, and should be set aside on appeal, whether assigned or not.

[4] In this record, however, there is a plea of mutual mistake in the answer. It is the only answer in the record, and the judgment of the court recites that the pleadings were heard and read. The trial court in his main charge defined mutual mistake, and submitted a special issue to the jury as to whether there was such an agreement, and whether by mutual mistake of the parties to the contract it was omitted from the contract. The jury found that there was such agreement as alleged, and that by mutual mistake of the parties it was omitted from the contract. Plaintiff in error made no exception or objection to the evidence bearing on the question of mutual mistake on the ground that there was no such plea. Neither was there any exception or objection to the charge in submitting that issue to the jury, and no instruction was requested by plaintiff withdrawing such issue, because there was no such plea. The motion for new trial did not request that the verdict be set aside because there was no such plea. However, plaintiff in error contends in this case that this plea was stricken out upon his exception at a former term of the court. There is an order in the record which appears as of date November 17, 1915, to the effect that exceptions Nos. 15 and 17 in plaintiff's supplemental petition are sustained. These exceptions were to the answer setting up mutual mistake, and objected thereto because the facts constituting such were not set out in the answer. The order sustaining exceptions does not purport to eliminate that particular paragraph of the answer setting up mutual mistake. Neither was it eliminated by amendment or otherwise, other than the bare recital in the order that exceptions Nos. 15 and 17 are sustained. The case was tried in the district court on November 16, 1916, a year after the order above mentioned was entered. From the entire record it shows that the case was tried on the answer presenting the issue of mutual mistake, without an objection or exception anywhere shown in the record to have been made by the plaintiff. In fact, in the motion for new trial two of the grounds thereof are that the court erred in overruling exceptions Nos. 15 and 17. If there can be a waiver of such an order sustaining the exception, the plaintiff in error did so in this case. He never demanded that the answer be withdrawn or not read to the jury, or that an amendment eliminating such issue be filed. But he apparently accepted this answer as setting up the issue. He made no objections to the evidence introduced under it; neither did he object or except to the court's submitting the issue to the jury. It occurs to us that the plaintiff, under such facts, ought to be estopped at this late day from asserting there was no pleading setting up the issue.

[5] If the court sustained the exception to the particular paragraph as here presented, we may, we think, presume from the record that the trial judge subsequently changed his mind, and submitted the issue of mutual mistake to the jury as one properly pleaded.

Kneale & Watkins v. Thornton, 88 S. W. 298; Gay v. Pemberton, 44 S. W. 400; Harle v. Railway Co., 39 Tex. Civ. App. 413, 86 S. W. 1048; Ralls v. Parish, 151 S. W. 1089. To now permit the plaintiff to urge that there was no pleading, when he and all the parties in the court below treated the case upon the theory that the pleadings presented the issue of mutual mistake, and induced the judge to submit it to the jury, would, in our judgment, be an unwarranted enforcement of a technicality, which, in our opinion, this record shows did not deprive the plaintiff of any substantial right.

The second assignment is that there was error in rendering judgment because the evidence did not authorize the finding that the Live Stock Company did not waive the provision to build the house. The evidence, we think, is ample to authorize the finding, and will support the finding that such provision was not waived.

Judgment affirmed.