### NIX v. WATSON. (No. 2696.)

(Court of Civil Appeals of Texas. Amarillo. May 26, 1926.)

**Appeal and error ⪦═⪧732—Assignment that court erred in granting new trial because verdict was in accordance with law and evidence held too general.**

Assignment that court erred in granting motion for new trial because verdict of jury was in accordance with law and supported by evidence, followed by no statement showing in what respect evidence was sufficient to support verdict of jury, is too general to require consideration.

Appeal from Hale County Court; Meade F. Griffin, Judge.

Suit by Jess Nix against D. B. Watson, in which defendant filed a cross-action. Judgment for plaintiff. From a judgment granting defendant's motion for a new trial, plaintiff appeals. Affirmed, and cause remanded.

L. D. Griffin, of Plainview, and Ove E. Overson, of Amarillo, for appellant.

Kinder & Russell, of Plainview, for appellee.

JACKSON, J. This suit was instituted in the county court of Hale county, Tex., by Jess Nix, the appellant, to recover the sum of $350, damages against D. B. Watson, ap-

pellee, for his alleged negligence in driving his automobile so as to cause it to collide with the automobile driven by appellant. He pleads where and how the collision occurred, and the damage received by his automobile as the proximate result of appellee's alleged negligence. Appellee answered by general demurrer, general denial, pleaded contributory negligence, and a cross-action for the sum of $60, which he sought to recover against appellant. The case was submitted on special issues, and, upon the answers of the jury thereto, the court rendered judgment for appellant for the sum of $125, with 6 per cent. interest from the date thereof, and for costs of suit.

In due time appellee filed his motion for a new trial, complaining of errors which he urges were committed by the court in the trial of the case, which were, in effect, that the court admitted, over his objection, certain inadmissible testimony; that the evidence was insufficient to enable the jury to determine the amount of appellant's damages; that the uncontroverted evidence showed that plaintiff was guilty of contributory negligence; and that the verdict of the jury was without support in the testimony.

The court, after a hearing, granted appellee's motion for a new trial and set aside the verdict of the jury and the judgment rendered thereon. To this action of the court the appellant excepted, and prosecutes this appeal. In his brief, less than a page in length, the appellant "contends that the court erred in sustaining the motion of the appellee to set aside the verdict of the jury rendered in this cause, as shown by appellant's bill of exceptions No. 1."

The bill of exceptions is not set out, but, by reference to the bill of exceptions in the transcript, it appears that the appellant excepted to the action of the court, "stating as grounds for such exception that the court erred in sustaining said motion, because the verdict of the jury was in accordance with the law governing in such cases, and supported by the evidence produced upon the trial." If this be considered as a valid assignment, it is not submitted as a proposition, is not followed by a proposition, and no statement is made thereunder; the appellant satisfying himself by giving the substance of article 2249 of Vernon's Ann. Civ. Statutes.

One of the errors urged against the trial court by appellee in his motion for new trial is that the court permitted testimony introduced before the jury over his objection that it was inadmissible. Our statute allowing an appeal from an order of the court granting a new trial does not provide that the court shall state his reason therefor; and the court in this case sustained the motion generally without assigning his reason for so

doing, and hence there is no way for us to know why appellee's motion was sustained and the verdict of the jury and the judgment of the court set aside.

We are not advised what the evidence was that the court admitted to which appellee objected, nor the objections made to the admission of such testimony. We are therefore unable to determine whether the court incorrectly admitted the testimony, or committed error in holding on the hearing on the motion for a new trial that such testimony should have been excluded, if his action was based on this assignment in appellee's motion.

Appellant's assignment to the effect that the court erred in granting the motion because the verdict of the jury was in accordance with law and supported by the evidence, followed by no statement showing in what respect the evidence was sufficient to support the verdict of the jury, is too general to require consideration. Koepsel v. Allen, 68 Tex. 446, 4 S. W. 856; Wilson v. Lucas, 78 Tex. 292, 14 S. W. 690; Orange & N. W. R. Co. v. Tatum (Tex. Civ. App.) 261 S. W. 421; Gottschalk v. Wells et al. (Mo. Sup.) 274 S. W. 399.

There is no fundamental error apparent of record.

The judgment of the court, granting a new trial, is affirmed, and the cause remanded, so that a new trial may be had.