Teter WEST et vir, Appellants,

v.

Leroy THOMAS et al., Appellees.

No. 15463.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

May 8, 1969.

W. E. Barron, Navasota, for appellants.

Harris A. Smith, James F. Warren, Navasota, for appellees.

BELL, Chief Justice.

Appellants sued appellees in trespass to try title to recover 16 acres of land in Grimes County which had been conveyed to appellants by Mollie Jenkins Jesse by deed dated August 10, 1964. The deed was properly filed for record the same day. On August 30, 1966, Mollie Jenkins Jesse conveyed the same land to appellees. To appellants' petition appellees filed a general denial and a plea of not guilty. In a trial to the court without a jury the court decreed that appellants take nothing on the theory that the deed to appellants was based on a condition-precedent that had not been fulfilled by appellants.

The grantor was the aunt of Teter West. She was 86 years old at the time she executed the deed to appellants. She was 91 years of age at the time she testified at the trial. The expressed consideration was "One ($1.00) dollar and the love and affection I have for my niece, Teter West, and her husband, Ira West." Following this there is the proper granting clause. Then there is a description of the land. Immediately following the description and preceding the habendum and general warranty clauses this paragraph is typed: "SAVE AND EXCEPT: This deed is made with the distinct understanding that Teter West and Ira West are to take care of Mollie Jenkins Jesse until her death, and at her death this tract of land is to be completely conveyed to Teter West and husband, Ira West."

The trial court found the following facts:

1. The only consideration for the deed was the agreement by appellants to take care of the grantor for the remainder of her life.

2. It was the understanding and intention of appellants and grantor that the property would vest in appellants only if appellants took care of grantor the remainder of her life.

3. Grantor, after the execution of the deed, lived with appellants approximately one year.

4. During the one year period grantor contributed her pension check and savings to appellants for her food, medical care and living expenses.

5. After approximately one year the grantor left appellants' home at their request and went to live with relatives in Houston, and appellants have not taken care of grantor since that time.

6. On August 30, 1966, Mollie Jenkins Jesse conveyed the same property to appellees.

The court concluded that the conveyance to appellants was a conditioned one and that the above quoted language of the deed to appellants "construed together with the intention and understandings of the Grantors (sic) and Grantees at the time the deed was executed constituted a condition precedent to the property vesting in Teter West and Ira West. The court also concluded the condition was not fulfilled and fee simple title never vested in appellants.

The court heard testimony on the issue as to whether the grantor, after living with appellants approximately one year, left appellants voluntarily and refused further care from them, or whether her having left was voluntary on her part and she thereafter refused any offer of care. The evidence was conflicting, but is sufficient to support the trial court's finding on such issue favorable to the grantor.

The court, apparently of the view that the deed to appellants was ambiguous because of the provision we have above quoted, allowed testimony of the parties to the first deed to aid in ascertaining their intent.

The evidence reflects the deed was drawn and executed at the Court House at Anderson. It was given to Mrs. Jones, who took grantor's acknowledgment, and was delivered to her for recording. It was immediately recorded and delivered to Teter West. No question of want of delivery or existence of fraud is contended.

Teter West testified that Mollie told her to have the deed drawn. She told Mollie she would take the deed. She told Mollie she would care for her the rest of Mollie's life. It was her understanding that this deed was not to go to her (Teter) until her (Mollie's) death. After the deed was recorded, Teter gave it to Mollie to keep for her.

This statement was made by counsel to Ira West: "All right, there was a provision in there that you are to take care of her * * * you and Teter for the remainder of her natural life. And when she died this deed was to become absolute." West responded, "Yes, sir."

Mollie Jesse testified she made a deed to the land to Teter and Ira West. They suggested it. Mollie was asked this question: "What were the conditions surrounding that deed—was there anything else to it except the deed?" She responded, "No, sir." She testified that appellants offered to take care of her the rest of her life, if she would make the deed to them. When appellants didn't take care of her she wanted to cancel the deed but didn't. She suggested making the deed if appellants would take care of her. When they didn't take care of her, after she made the deed, she was out of a home.

█ The law is well settled that conditions that have the effect of preventing title to land from vesting or that work a

forfeiture of title that has vested are not favored. The promises or obligations of the grantee will be construed as covenants unless an intention to create a conditional estate is clearly and unequivocally revealed by the language of the instrument. It would seem, however, that an express reverter clause need not be present, but if a consideration of all the language of the deed shows an intention to create a condition, then upon the failure to comply with the condition the grantor in the deed will have the right of reentry. We think this is the effect of the case of Hearne et vir v. Bradshaw et ux, 158 Tex. 453, 312 S.W.2d 948. While under the facts of that case the court found a covenant, we think it states the principle that no particular words are necessary to create a condition but if from all language used an intention to create a condition is shown, a condition will be found. See also Hudson et al v. Caffey et al, 179 S.W.2d 1017 (CCA), ref., w. m.; Teague v. Teague, 22 Tex.Civ.App. 443, 54 S.W. 632, n. w. h.; Alford v. Alford, 1 Tex.Civ.App. 245, 21 S.W. 283, n. w. h.

█ Also to be considered in interpreting the instrument are the surrounding circumstances. Evidence of the surrounding circumstances is not for the purpose of adding to, taking from or varying the instrument. The evidence may aid in finding the intention with which the parties used the words contained in the instrument.

█ The cases holding that a promise to support the grantor is a mere covenant are cases in which the promise is expressed as consideration for execution of the deed. Here the consideration is expressed as $1.00 and love and affection. Then follows the granting clause, immediately followed by the description of the property. Following the description and preceding the habendum clause and warranty is the provision we have quoted above. The context in which it is used and the manner in which it is phrased leads us to the conclusion that it was intended to be more than a mere promise. It was to be the event upon the happening of which title which had conditional-

ly vested in the grantees would be freed of the condition. However, if the event had not occurred title would not be completely conveyed but would be burdened with the condition. The grantor or her successors in title could, as they have done here, assert forfeiture for condition subsequent broken.

The conclusion that the above quoted language is a condition is strengthened when considered in the light of the surrounding circumstances as shown by the testimony of the parties to the deed. Particularly we refer to the testimony of the niece, Teter West. She stated it was her understanding that the "deed" would not go to her until Mollie's death. She then gave the deed, after it was recorded, to Mollie, the 86 year old lady, to keep for her. This is consistent with the conclusion that if the grantees didn't support the grantor, the grantor could forfeit the title and prevent it from vesting free of the condition.

Affirmed.