**DISMISS; and Opinion Filed October 22, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00480-CV

**CITY OF CELINA, Appellant**
**V.**
**LEWIS DICKERSON & DOROTHY STAMBAUGH, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02766-2010**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

In this interlocutory appeal, the City of Celina appeals an order denying its plea to the jurisdiction. In two issues, the City contends the trial court erred in denying the plea because appellees Lewis Dickerson and Dorothy Stambaugh (landowners) did not plead a valid takings claim. For the following reasons, we reverse the trial court's order and dismiss this cause for want of jurisdiction.

The City entered into an Interlocal Agreement with the Celina Independent School District in which the City agreed to secure easements to allow the School District to construct a sewer line to its new high school. The City and landowners subsequently entered into an easement agreement in which landowners granted the City an easement to be used for sewer purposes. As part of its consideration, the City agreed to provide landowners with a sewer

connection, and waive connection and impact fees. The agreement also provided several provisions identified as "Further Consideration." Amongst them was the provision, "Top soil shall be excavated to a depth of one foot in the construction area, then removed before the sewer installation commences, and then replaced, backfilled, and compacted after the sanitary sewer main is installed." According to landowners, the City breached this provision because after the main line was installed, the original top soil was not replaced and other inferior soil was used instead.

Landowners sued the City for inverse condemnation based on the City's taking of the easement. To support its claim, landowners alleged that although they had granted a voluntary easement, as a "condition" to the grant of the easement, the City "stipulated" that it would return the original top soil after the sewer line was installed. Landowners complained that the City's breach of this provision rendered the easement void and, therefore, the City's occupation of the easement and damage to its property constituted a taking.

The City filed a plea to the jurisdiction contending landowners failed to plead a valid takings claim. In its plea, the City asserted landowners had no takings claim because they had voluntarily granted the easement and their complaint regarding top soil was merely a complaint for breach of contract. The trial court denied the City's plea to the jurisdiction. The City appeals.

Governmental immunity defeats a trial court's subject matter jurisdiction and therefore is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex. App.— Dallas 2008, no pet.). Governmental immunity does not however shield the government from claims based on unconstitutional takings of property. *Tex. Parks & Wildlife Dept. v. Sawyer Trust,* 354 S.W.3d 384, 390 (Tex. 2011). But in the absence of a properly pled takings claim, the

government retains immunity. *Hearts Bluff Game Ranch v. State,* 381 S.W.3d 468, 476 (Tex. 2012). Whether the government's actions are sufficient to constitute a taking is a question of law. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.,* 39 S.W.3d 591, 598 (Tex. 2001). In reviewing a grant or denial of a plea to the jurisdiction, we determine whether the plaintiff's pleadings, construed in favor of the plaintiff, allege sufficient facts affirmatively demonstrating the court's jurisdiction to hear the case. *Hearts Bluff Game Ranch,* 381 S.W.3d at 476. If evidence central to the jurisdictional issue is submitted, it should be considered in ruling on the plea to the jurisdiction. *Id.* To establish a takings claim, the claimant must seek compensation because the defendant intentionally performed actions that resulted in taking, damaging, or destroying property for public use without the owner's consent. *Sawyer Trust*, 354 S.W.3d at 390-91.

Landowners petition on its face shows they voluntarily granted the easement to the City. Landowners nevertheless assert the City's failure to perform a "condition subsequent" rendered the easement void. They rely on the City's alleged failure to replace the original top soil.

It is well-settled that conditions that have the effect of preventing title from vesting or that work a forfeiture of title that has already vested are not favored. *West v. Thomas*, 441 S.W.2d 209, 211 (Tex. Civ. App.—Houston [1st Dist] 1969, no writ); *see also Hearne v. Bradshaw,* 312 S.W.2d 948, 951 (Tex. 1958). Therefore, a promise or obligation of the grantee will be construed as a covenant unless an intention to create a conditional estate is "clearly and unequivocally revealed by the language of the instrument." *Hearne,* 312 S.W.2d at 951; *Sewell v. Dallas Indep. Sch. Dist.*, 727 S.W.2d 586, 589 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). Here, landowners have wholly failed to direct this court to any language whatsoever in the Easement Agreement establishing the top soil provision was intended to operate as a condition subsequent instead of a covenant. Further, the cases landowners rely on for the proposition that

the top soil provision was a condition subsequent resulting in forfeiture of the easement are readily distinguishable. *See City of Dallas v. Etheredge,* 152 Tex. 9, 253 S.W.2d 640, 642 (Tex. 1952) (conveyance expressly stated it was granted "upon . . . "conditions" and violation of the provisions would "terminate" the grant at grantor's option); *City of Cibolo v. Koehler,* No.04-11-00209-CV, 2011 WL 5869683, *2 (Tex. App.—San Antonio 2011, no pet.) (easement agreement expressly stated that if City violated provision, the agreement would be deemed "null and void"); *see also El Dorado Land Co., L.P. v. City of McKinney*, 395 S.W.3d 798, 799 (Tex. 2013) (express language in deed provided conveyance was "subject to" restriction and grantor was granted right to repurchase if restriction violated).

We have carefully reviewed the Easement Agreement. Having done so, there is no language in the agreement indicating the top soil provision was a condition subsequent. Specifically, there is no conditional language in the grant with respect to the top soil provision. *See Calce v. Dorado Exploration, Inc.*, 309 S.W.3d 719, 742 (Tex. App.—Dallas 2010, no pet.) (terms such as "if," "provided that," "on condition that," connote an intent for a condition). Nor is there any language in the agreement that breach of the top soil provision would result in termination or reversion of the easement or render the easement void. This is particularly significant because the Easement Agreement did contain a reverter provision in the event the easement was no longer used for sewer purposes. We conclude that the requirement that the City return the top soil was not a condition subsequent. Because landowners' takings claim was premised on their assertion that breach of a condition subsequent voided the easement, the trial court erred in denying the City's plea to the jurisdiction.

We reverse the trial court's order and dismiss this cause for want of jurisdiction.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130480F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF CELINA, Appellant

No. 05-13-00480-CV      V.

LEWIS DICKERSON & DOROTHY
STAMBAUGH, Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-02766-2010.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

In accordance with this Court's opinion of this date, this cause is **DISMISSED** for want
of jurisdiction.

It is **ORDERED** that appellant CITY OF CELINA recover its costs of this appeal from
appellees LEWIS DICKERSON & DOROTHY STAMBAUGH.

Judgment entered this 22nd day of October, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE