G. A. WEBB V. SARAH ALBERTA WEBB.

No. A-2303. Decided November 16, 1949.
Rehearing overruled December 21, 1949.
(224 S. W., 2d Series, 868.)

406

*Farrow & Johnson* and *Urban Farrow*, of Carrizo Springs, for petitioner.

The Court of Civil Appeals erred in overruling petitioner's contention that on and prior to March 3, 1917, he and respondent were permanently separated, and on that date respondent had full authority to convey to anyone the land in controversy in this suit as a feme sole. Hicks v. Sprankle, 149 Tenn. 310, 257 S. W. 1044; Riley v. Wilson, 86 Texas 240, 24 S. W. 394; Buvens v. Brown, 118 Texas 551, 18 S. W. (2d) 1057.

*Petry & Dean* and *Harold Dean,* of Carrizo Springs, for respondent.

A deed from a married woman, in which she was not joined by her husband, direct to her husband and prior to a legal severance of the marital relationship is void. Minchew v. Hankins, 278 S. W. 306; Graham v. Stuve, 76 Texas 533, 13 S. W. 381; Savage v. Rhea, Texas Com. App., 33 S. W. (2d) 429.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

G. A. Webb asks relief here against the unfavorable judgment of both courts below in his action to recover from his former wife, respondent Sarah Alberta Webb, a tract of land in Dimmit County. While petitioner Webb asserts title under the statute of limitations, he relies principally upon a deed of March 3, 1917, in his favor executed and acknowledged by respondent Mrs. Webb as if a feme sole. On the date of the conveyance the couple were not yet divorced, but Mrs. Webb had procured in California an interlocutory decree of divorce which was entered almost a year before and actually became final a

week after she executed the deed. The only ground of the divorce was the alleged abandonment of Mrs. Webb by Mr. Webb since a date over three years prior to the date of the deed. On the trial of the instant case, Mr. Webb testified without equivocation, contradiction or impeachment that the couple had been permanently separated during all the time set out in the divorce proceedings and had never since been reunited. The land was the separate property of Mrs. Webb and not a homestead. Evidently both parties were present together in Arizona when the deed was executed, so that, if they had chosen to do so they could have easily effectuated the transaction by the time-honored device of a deed to a trustee signed by both spouses and privily acknowledged by Mrs. Webb in accordance with Articles 1299, 4614, 6605 and 6608, Vernon's Annotated Civil Statutes, and a subsequent conveyance by the trustee to Mr. Webb. Riley v. Wilson, 86 Texas 240, 24 S. W. 394.

The trial court withdrew the case from the jury and rendered judgment in favor of Mrs. Webb, which was affirmed by the Court of Civil Appeals. 223 S. W. (2d) 31. The latter approved what was evidently the trial court's conclusion that there was no evidence to sustain petitioner's claim of limitation title and further held that the facts concerning the abandonment of Mrs. Webb did not give her the authority to convey as a feme sole recognized in decisions such as Wright v. Hays, 10 Texas 130, 60 Am. Dec. 200; Walker v. Stringfellow, 30 Texas 570; Lodge v. Leverton, 42 Texas 18; Clements v. Ewing, 71 Texas 370, 9 S. W. 312; Bennett v. Mortgomery, 3 Texas Civ. App. 222, 22 S. W. 115; Moss v. Ingram, 239 S. W. 1029, writ ref.; Masterson v. Bouldin, 151 S. W. (2d) 301, writ ref.

■ In opposition to this latter view, we have concluded that the deed of Mrs. Webb is valid and will accordingly discuss only this aspect of the case, since our holding necessarily entails judgment for petitioner, Mr. Webb, regardless of the merits of his alternative claim of title by limitation.

The evidence of abandonment of Mrs. Webb—or of a definite "separation" of the parties—is quite conclusive, and we do not understand the holding of the Court of Civil Appeals to rest on any doubt to the contrary. The reasoning seems, rather, that the rule denying application of Article 1299 and related provisions, supra, to a situation in which the wife has been abandoned, has itself no application when the abandoning husband is present at the execution of the deed in controversy. This appears to us as an overly narrow view of the relevant decisions. The latter are indeed largely cases in which the husband had

left the wife and was still away when the deed was executed; some of them such as Wright v. Hays, supra, seeming to emphasize this fact of physical absence. But that case and others also suggest the more general thought that applicability of the stateute presupposes an existence of a normal marriage relationship. In the Court of Civil Appeals decision of Bennett v. Montgomery, supra, which has never apparently been overruled or criticized, the wife abandoned the husband and was held thereby in effect to have given herself the power to convey as a feme sole by her own improper conduct, the court evidently considering the statutory limitations not to apply where the spouses are "separated" in the sense that they are not living together as man and wife and have no apparent intention so to live at any particular future time. Walker v. Stringfellow, supra, seems to be a similar holding. See also Moss v. Ingram, supra, at p. 1033; Speer, Law of Marital Rights in Texas, 3rd Ed., sec. 228. The case of Carothers v. McNese, 43 Texas 221, 224, indicates that the rule of Wright v. Hays, supra, would not apply "on the bare fact of 'the long and necessary absence of her husband from the State in the Confederate Army' "; the inference being that the de facto existence or non-existence of the marriage relationship is what determines the matter, and that the physical absence—or presence—of the husband at the time of the wife's conveyance or contract is not necessarily material. See also Sorrell v. Clayton, 42 Texas 188. In Masterson v. Bouldin, supra, it was said: "Assuming that Mrs. Masterson and her husband were permanently separated, her capacity to convey her *separate* property without the joinder of her husband was not inhibited as the effect of R. S. 1925, Art. 4617, as amended in 1937, Vernon's Annotated Civil Statutes, Art. 4617," (the statute mentioned being that authorizing the wife to apply to the court for permission to convey as a feme sole). Clements v. Ewing, supra, points out that, in the case of the wife's separate property, the validity of her conveyance without joinder of the husband does not depend upon a showing of necessity for the conveyance. See also Ross v. Tide Water Oil Co. 136 Texas 66, 145 S. W. (2d) 1089.

Under our pre-1913 statutory policy of giving the husband the sole management of the wife's separate property "during marriage" (Art. 4621, R. C. S. 1911), it has been held on evidence amounting to little more than a case of mutual voluntary "separation", that the facts deprived the husband of the power to control the wife's bank account, which he would have enjoyed but for the separation. Waggoner Bank & Trust Co. v. Warren, 111 Texas 318, 234 S. W. 387. By analogy, a mere de facto cessation of the marriage relationship or "separation" is

sufficient to render Art. 1299 and related provisions, supra, inapplicable. Other cases holding the wife free to manage her separate property despite then existing statutes to the contrary seem to rest upon the general idea of separation rather than some more narrow ground. Davis & Bro. v. Saladee, 57 Texas 326; Wright v. Blackwood & Frazier, 57 Texas, 644, 648; Dority v. Dority, 96 Texas 215, 226, 71 S. W. 950, 60 A. L. R. 941; Butler v. Robertson, 11 Texas 142. Cases of conveyance or encumbrance of the homestead evidently have a similar basis. Harris v. Hamilton, 221 S. W. 273 (Tex. Com. App., holdings approved) ; Hector v. Knox, 63 Texas 613. In the latter case, the husband, who had left the company of the wife, actually continued to reside in her immediate neighborhood during the whole period of separation, including the date on which the conveyance was made by the wife to her sister as a gift, and while the evidence indicated that he would not have joined in the deed if requested, he evidently was not asked to do so.

■ On principle we do not think the presence of Mr. Webb when the deed was executed made the "separation" rule any less applicable than if he had been away "on the Rio Grande" (Wright v. Hays, supra). The parties were no more or less "separated" in the one case than in the other. The de facto relationship of husband and wife would be equally non-existent in both instances. We can hardly say that under the facts of this case any particular statutory object would have been served by Mr. Webb joining in a conveyance to a trustee for his own benefit. His "advice" to Mrs. Webb would hardly have any value to her when the transfer was to be in his favor. Riley v. Wilson, supra. Nor do we see any purpose in his intervening for the benefit of his own personal or representative interest as head of the family, when de facto the family had been out of existence some three years. The requirement of privy acknowledgment has indeed always—and necessarily—been explained as a measure of protection of the wife against undue influence of the husband. Wright v. Hays, supra; Angier v. Coward, 79 Texas 551, 553; Riley v. Wilson, supra. But this legislatively presumed influence is clearly that of the husband *qua husband*. Otherwise we would also have some type of special acknowledgment for unmarried females to protect them against undue influence of men in general. The presumptive influence must accordingly be that which arises from the fact of their living together in the intimate bonds of matrimony. Especially in this modern day, in which the activities of all women are so much broader than even twenty-five years ago, it seems altogether reasonable for courts to make the further presumption that, once the close relationship is ended by a "separation" such as clearly existed

in the present case, the husband's influence ends also and will not likely recur whenever the parties happen to meet. Of course, if it were shown in a given case that the separated husband was actually guilty of duress or fraud, the wife would have her remedy no less than she would have it against the duress or fraud of some third party.

■ The fact that Mr. Webb was the grantee in the deed is not particularly stressed by the respondent or in the opinion below, nor do we think it calls for a different conclusion than would follow had the grantee been a stranger. That the requirement of privy acknowledgement is directed against husbands does not mean that transfers or even gifts to the latter by wives are presumptively suspicious in our law, in cases where the rights of creditors are not involved. Aside from the formal requirements of Articles 1299 and 4614, supra, the wife seems entirely free to make such disposition of her property. Speer, supra, sec. 131, and authorities cited. The few formalities mentioned apply no less to her transfers to a stranger than to those for the benefit of her husband. Art. 4614, supra. Indeed, where the conveyance is to the separated husband directly, the possibility of the wife being misled seem less than in the case of her conveyance to a stranger—who might or might not have a secret understanding with the husband.

The cases of Graham v. Stuve, 76 Texas 533, 13 S. W. 381; and Minchew v. Hankins, 278 S. W. 306 (Tex. Civ. App., aff'd 285 S. W. 264), cited in support of the holdings below, held void deeds executed by the wife alone to the husband as grantee, but did not involve the question here presented of whether the separation of the spouses authorized the wife to convey as a feme sole.

The judgments of both courts below are reversed. Since the case was evidently developed fully on the trial, and the facts as to the separation of the parties conclusively established, the cause is remanded to the trial court with instructions to enter judgment for petitioner, G. A. Webb, awarding him title and possession of the land sued for by him.

Opinion delivered November 16, 1949.

Motion for rehearing overruled December 21, 1949.