**Idella HEARNE et vir, Appellants,**

v.

**Jasper BRADSHAW et ux., Appellees.**

No. 15307.

Court of Civil Appeals of Texas.

Dallas.

July 12, 1957.

Rehearing Denied Sept. 27, 1957.

John S. Fannin, John E. V. Jasper and Joel R. Bond, Dallas, for appellants.

Earl R. Parker, Dallas, for appellees.

YOUNG, Justice.

Appellants' action in trial court was in nature of trespass to try title and involved Lot 14, Block 3, Lincoln Place Addition to the City of Dallas, also known as 2854 Frost Street. Defendants answered by statutory plea along with other defenses; in the alternative, for judgment in sum of $1,000, being the amount of valuable improvements made on the property after going into possession. A trial to the court resulted in award of damages only to plaintiff Idella Hearne, of which judgment she complains and prosecutes this appeal.

Prior to December 31, 1953 Idella Hearne was owner of above described premises; on that date executing a general warranty deed to appellees, reciting as consideration: "Ten ($10.00) Dollars ...... Dollars to me, and in hand paid by Jasper Bradshaw and his wife Hattie Bradshaw, and the further consideration to take the said property and maintain the same, pay all taxes and insurance and furnish me with food and clothing the rest of my natural life, and I do by this instrument reserve the right to live in said property as long as I live. It being the intention of this instrument to deed said property to the said grantees but reserve a life interest in the property to me, the said grantor."

In original petition Idella Hearne had appeared as a "feme sole"; the amended petition reciting, "Idella Hearne and Arthur Hearne, husband and wife." The amendment set up invalidity of her December 1953 deed because not joined in by the husband; further, that consideration for said deed had failed, in that the Bradshaws had refused to do and perform the consideration set out in said instrument; and on date of hearing filed trial amendment pleading alternatively that, in case the deed in question be construed a valid conveyance

of property, defendants had nevertheless breached the terms thereof; that the consideration for execution of deed had failed to plaintiffs' damage in reasonable market value thereof which was $4,500, praying for judgment to that amount. Defendants in answer interposed a plea of not guilty; claiming the deed to them was a valid and subsisting conveyance of title; they having taken possession of the property, made valuable improvements thereon to the extent of $1,000, thereby placing the property in a "livable, usable condition." Also that if for any reason judgment be rendered for plaintiffs, said defendants have judgment for value of their improvements, to be fixed as a lien on the land.

The judgment complained of awarded title to the Bradshaws; denominating the same as plaintiff's separate property; that defendants had failed to perform the conditions of said conveyance and, the consideration therefor having failed, that she had been damaged in amount of $2,800, fixed as a lien upon the property, which sum is shown by the Clerk's Certificate to be deposited in court registry for account of original plaintiff, appellant here.

Idella Hearne, 77 years of age on date of trial (January 1957), was married to Arthur Hearne in April 1945, the parties separating in October 1946, since which time they have not lived together as husband and wife. At time the 1953 deed was executed, as Idella testified, she had not seen Arthur for about seven years. However, he was later located, becoming a party-plaintiff to the suit and this appeal.

All parties to the deed moved onto the property, living together amicably for some six months, when differences arose. According to Idella, the grantees refused to provide her with food and clothing, among other things; according to defendants, they fulfilled their promises and obligations in all respects; on the trial continuing to make tender of performance; testifying to valuable improvements made by way of

fencing, repairs, additions and storage house to the value of approximately $1,000.

Appellants' several formal assignments of error may be narrowed to the following twofold points: (1) Invalidity of the 1953 deed executed by Idella Hearne without joinder of her husband; charging same to be void ab initio, conveying no rights, and praying for its removal as a cloud upon title to her property; and (2) if the same in fact constitutes a valid conveyance, then defendants had failed to carry out the terms and conditions of said deed; their rights in and to the property having been forfeited on account of such total failure of performance.

■ These contentions may be disposed of briefly. (1) Arthur Hearne did not testify, and from the testimony of Idella their separation had continued for more than eleven years. The trial court could well have concluded that such living apart comprehended the essential elements of a permanent abandonment. "The statute of joinder does not apply in those cases of permanent separation of husband and wife; in such a case the wife's right to convey her property by her individual deed is recognized. It can make no difference whether the separation be brought about by the husband's abandoning the wife or vice versa. If the separation is permanent rather than temporary in its character the reason for the requirement of joinder no longer exists and the statute itself no longer applies * * *." 23 Tex.Jur., sec. 215, pp. 247, 248. See, also, Masterson v. Bouldin, Tex.Civ.App., 151 S.W.2d 301, (writ ref.); Webb v. Webb, 148 Tex. 405, 224 S.W.2d 868.

■ (2) An examination of the 1953 deed discloses that no sanction or express penalty is attached to any failure on part of the Bradshaws to carry out the obligations thereby imposed upon them; same constituting covenants rather than conditions precedent or subsequent as in Alford v. Alford, 1 Tex.Civ.App. 245, 21 S.W. 283, and McDowell v. Greenland, Tex.Civ.App., 259 S.W.2d 305. "Agreements to support the grantor are covenants, in the absence of language making them conditions. The remedy therefore in the event of a breach is to ascertain the value of the promised support and enforce the judgment as a lien on the land. Cancellation is not the remedy, even though there was a total failure to support, unless such agreement was expressly made a condition subsequent in the covenant itself, or unless the promise was fraudulently made at the time with no intention to carry it out * * *." Rosek v. Kotzur, Tex.Civ.App., 267 S.W. 759, 762. "* * * The deed being absolute upon its face, the title would not revert to appellee upon failure of appellants to perform the covenants which were the consideration for the conveyance, and her only remedy is a suit for damages or specific performance of the contract. Mayer v. Swift, 73 Tex. 367, 11 S.W. 378; Chicago, T. & M. C. Railway Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St.Rep. 39; Moore v. Cross, 87 Tex. [557] 561, 29 S.W. 1051; Freeman v. Jones, Tex.Civ.App., 94 S.W. 1072." Elliott v. Elliott, 50 Tex.Civ.App. 272, 109 S.W. 215, 217.

■ Plaintiff's recourse against defendants under the facts and circumstances of this record was an action for damages. Such remedy she has pursued in the alternative; and the trial court has assessed the value of the life estate of Idella Hearne in the property, inclusive of subsistence, etc., at $2,800, an amount which the evidence well supports. The judgment under review must be accordingly affirmed.