IDELLA HEARNE ET VIR. V. JASPER BRADSHAW ET UX

No. A-6561. Decided March 26, 1958.
Rehearing overruled May 7, 1958.
Second Motion for Rehearing overruled May 28, 1958.
(312 S.W. 2d Series 948)

*John S. Fannin* and *John E. V. Jasper,* both of Dallas, for petitioners.

The Court of Civil Appeals having affirmed the judgment of the trial court, wherein the court found as a fact, that grantees and failed and refused to comply with the condition set forth in the deed, as compensation for the property conveyed to them, it was error for said court to hold that said covenants were compensated only in a suit for damages, and said court also erred in its judgment that the deed, which clearly disclosed the intentions of the parties, conveyed an absolute Fee Simple title to the grantees. Womack v. First Natl. Bank, 81 S.W. 2d 99; Harris v. Currie, 142 Texas 93; 176 S.W. 2d 302; Cockrell v. Texas Gulf Sulphur Co., 157 Texas 10, 299 S.W. 2d 672.

*Earl R. Parker,* of Dallas, for respondents.

In reply to petitioners' points of error cited Cox v. Combs, 111 S.W. 1069; Elliott v. Elliott, 109 S.W. 215; Harris v. Hamilton, 221 S.W. 273.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is an action of trespass to try title in which Mrs. Idella Hearne et vir., petitioners, seek to recover from Jasper Bradshaw et ux., respondents, the title to and possession of a house and lot in Dallas formerly owned by Mrs. Hearne as her separate property. On December 31, 1953, the latter executed and delivered a general warranty deed conveying the property to respondents for the recited consideration of "Ten ($10.00) Dollars * * * Dollars to me, and in hand paid by Jasper Bradshaw and his wife Mattie Bradshaw, and the further consideration to take the said property and maintain the same, pay all taxes and insurance and furnish me with food and clothing the rest of my natural life, and I do by this instrument reserve the right to live in said property as long as I live. It being the intention of this instrument to deed said property to the said grantees but reserve a life interest in the property in me the said grantor."

Petitioners alleged that they were entitled to recover the property because: (1) the deed was executed by Mrs. Hearne

without the joinder of her husband, and (2) the consideration for the deed had failed in that respondents had refused to perform the obligations imposed upon them by its terms. An alternative claim for damages alleged to have resulted from a breach of the terms of the conveyance was set up by trial amendment. In addition to a plea of not guilty, respondents specially pleaded their little under the deed and claimed, in the alternative, an allowance for improvements. After a trial to the court without the intervention of a jury, judgment was entered vesting title to the property in respondents and awarding Mrs. Hearne damages in the amount of $2,800.00 with a lien fixed on the property to secure payment of same. The Court of Civil Appeals affirmed. 305 S.W. 2d 618.

■ Although Art. 1299, Vernon's Ann. Texas Civ. Stat., requires that the husband and wife join in the conveyance of her separate real estate, it is well settled that this provision has no application when the husband has permanently abandoned the wife. If the separation is permanent rather than temporary, the reason for the requirement of joinder no longer exists and the wife may convey by her individual deed. See Webb v. Webb, 148 Texas 405, 224 S.W. 2d 868; 23 Texas Jur. Husband and Wife, Sec. 215, p. 247. Mrs. Hearne testified that she and her husband had not lived together after they separated in 1946 and that she did not know where he was when the deed was executd in 1953. No findings of fact or conclusions of law were requested or filed. As pointed out by the Court of Civil Appeals, the trial court was entitled to conclude from the evidence that Mrs. Hearne and her husband were permanently separated when she made the deed to respondents, and we must presume a finding to that effect in support of its judgment.

■ Petitioners do not question the rule of law announced by the authorities cited above or contend that there is no evidence to support an implied finding of permanent abandonment. They insist, however, that the deed cannot be upheld on that theory because respondents did not plead permanent separation in support of their title under the instrument. It is not necessary for us to consider the sufficiency of the pleadings or determine whether the evidence of abandonment was admissible thereunder. Respondents specially pleaded their title under the deed and alleged that by said instrument they acquired a good and valid title to the property. Petitioners did not except to the pleading or attempt in any other manner to ascertain the facts upon which respondents relied to render the instrument effective as a conveyance, and the testimony mentioned above was admitted

without objection. With the record in this condition, the parties are deemed to have tried the issue of permanent separation by consent and will not be heard to say on appeal that it was not raised by the pleadings. Rule 67, Texas Rules of Civil Procedure.

■ The judgment of the trial court recites that respondents had failed and refused to perform the "conditions" of the conveyance, that the consideration for such conveyance had failed, and that Mrs. Hearne had been damaged in the sum of $2,800.00. This evidently refers to the stipulations in the deed obligating respondents to maintain the property, pay the taxes and insurance, and furnish the grantor food and clothing for the remainder of her life. Petitioners argue that these provisions were conditions rather than covenants and that their breach, as found by the trial court, worked a forfeiture of the estate granted.

Conditions subsequent are not favored by the courts, and the promise or .obligation of the grantee will be construed as a covenant unless an intention to create a conditional estate is clearly and unequivocally revealed by the language of the instrument. In cases where the intention is doubtful, the stipulation is treated as a covenent rather than a condition subsequent with the right to defeat the conveyance. See Chicago, T. & M. C. Co. v. Titterington, 84 Texas 218, 19 S.W. 472, 31 Am. St. Rep. 39; Ryan v. Porter, 61 Texas 106. Here the parties did not see fit to provide that the grantees' failure to perform would cause the property to revert to the grantor, and there is nothing in the deed to indicate that they intended to create a conditional estate. Although petitioners argue to the contrary, the grantor's reservation of a life estate does not suggest that the estate granted would be forfeited if the other stipulations of the instrument were breached. We agree with the Court of Civil Appeals, therefore, that the provisions obligating respondents to maintain the property, pay the taxes and insurance, and furnish food and clothing to the grantor were covenants and not conditions. The remedy for their breach is an action for damages, and petitioners were not entitled to recover the estate conveyed to respondents by the deed.

While the foregoing disposes of all points of error presented by petitioners in this Court, there is another aspect of the case which should be mentioned. The Court of Civil Appeals observed at the conclusion of its opinion that the trial court assessed the value of Mrs. Hearne's life estate in the property, inclusive of support ,etc. at $2,800.00. Since petitioners do not challenge that statement or contend in this Court that Mrs. Hearne should not

have been divested of her life estate in the property, we do not pass upon these matters.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered Mar. 26, 1958.

## ON MOTION FOR REHEARING

In connection with their motion for rehearing, petitioners have requested and are granted leave to amend their application for writ of error and raise the point mentioned in the concluding paragraph of our original opinion. The question was properly preserved in their brief and motion for rehearing in the Court of Civil Appeals.

■ This is not an action in which the Court may properly divest a party of an estate in land even though the latter is compensated for its value. The trial court evidently proceeded on the theory that the deed executed by Mrs. Hearne to respondents vests the full title to the property in the grantees, but it is our opinion that the instrument reserves a life estate to the grantor. Since this interest has not been recognized and preserved, the judgments of the courts below must be reversed. A more difficult question is whether to render judgment here or remand the cause for a new trial. There is nothing to suggest that the value of the life estate is included in the $2,800.00 damages awarded to Mrs. Hearne, but from a consideration of the entire record we believe the justice of the case requires another trial. See Rule 505, Texas Rules of Civil Procedure.

The judgments of the Court of Civil Appeals and the trial court are accordingly reversed, and the cause is remanded to the district court.

Opinion delivered May 7, 1958.

Second motion for rehearing overruled May 28, 1958.