William Wade ANDERSON, Appellant,

v.

Frank Bostick ANDERSON, Appellee.

No. 1386.

Court of Civil Appeals of Texas, Tyler.

July 30, 1981.

Macon D. Strother, Strother & Moak, San Augustine, for appellant.

R. Earl Lord, Hemphill, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a judgment of the trial court cancelling a deed of conveyance.

Frank Bostick Anderson, plaintiff below and appellee here, brought this suit against defendants, William Wade Anderson (appellant) and Altha Miller seeking to rescind and set aside a deed executed by appellee's mother, Jewell Esther Anderson, to Altha Miller. Appellee alleged that said deed was fraudulently procured, that the stated consideration providing for "adequate care and maintenance" by grantee during grantor's lifetime had wholly failed and that the grantee, Altha Miller, never intended to perform this support obligation. The defendants' answer included a plea of not guilty, a general denial and plea that the consideration providing for support was a covenant rather than a condition subsequent. The case was tried to the court without the intervention of a jury. After hearing the evidence, the trial court rendered judgment which set aside and canceled the deed. From this adverse judgment only defendant William Wade Anderson has appealed.

We affirm.

The following is a chronology of events leading to this suit:

(1) On May 5, 1970, Jewell Esther Anderson executed her will devising the property in question (being her homeplace consisting of four acres of land and improvements thereon in Sabine County, Texas) to her son, Frank Bostick Anderson, appellee herein.

(2) On June 29, 1973, Jewell Esther Anderson executed a deed to Altha Miller which purported to convey the property in question [1] "for and in consideration of Altha Miller, my granddaughter, provid-

---

1. Grantor reserved a life estate with the right to full possession, benefit and use of premises, as well as the rents, issues and profits thereof, during her natural life.

ing for the adequate care and maintenance of me during the remainder of my lifetime."

(3) On July 1, 1975, Altha Miller deeded the property in question to William Wade Anderson (another son of Jewell Esther Anderson); no money or consideration was given for this conveyance.

(4) On March 12, 1977, the said Jewell Esther Anderson died testate leaving the will devising the property in question to appellee.

(5) On April 11, 1977, Jewell Anderson's will was admitted to probate as a muniment of title in Sabine County, Texas.

Charlie C. Anderson testified that he obtained the deed in question from his mother, Jewell Esther Anderson, and was present when such instrument was signed; that he had heard his mother say several times that she would give the property in controversy to the "person or people who would come and take care of her the remainder of her life"; that it was his understanding that his mother meant for someone to come and take care of her at her place in Sabine County. He also testified that he had oral authority, or understood that he did at the time, from Altha Miller to represent her in dealing with his mother for legal papers to transfer the property to Altha in return for "Altha and her husband at that time, Richard, to come and take care of mother;" but on further questioning he stated that the authority he "really had" was oral approval from each of his brothers and sisters to make this contract with Altha and Richard and his mother. He further testified that he recalls having three conversations with Altha Miller about this matter, two over the telephone and one personally; that Altha's response to the proposal that she come to Sabine County and take care of his mother was at first quite in the affirmative; that he last talked to her about this matter about a month before he obtained the deed; that he thought he had authority from Altha to represent her in negotiating the deed because in their various conversations she said "yes, she wanted to do that"—to "move down there and take care of mother," and that she had never rescinded that statement in his presence.

Altha Miller testified that Charlie Anderson called and stated if she could go to Sabine County and take care of her grandmother that he could get her grandmother to deed the property to her for such care; that her grandmother told her that if she would come to Sabine County, they would go to town, have the papers drawn and she would sign the same; that at first "they" were all enthusiastic about the matter and in the summer of 1972 she made a trip to see her grandmother to complete the transaction; that nothing was done on that occasion since the lawyers in Hemphill were out of town; that she had already begun to realize that she couldn't fulfill the obligations expected of her because she had four children at home and it would be necessary for her to sell her home and move to take care of her grandmother; that she later told her grandmother that she did not see how she could come at that time and take care of her because she had too many obligations at home; that in discussing this matter with Charlie she did not tell him he had the authority to act for her in negotiating the deed and she did not tell him not to do so; that she was ready to let the matter drop in 1972 because she realized she could not sell her home and take a chance on being able to make a living in Sabine County; that there was already a family controversy brewing and she wanted to drop the matter; that at Thanksgiving 1972 she told Charlie that she had reservations as to whether they would be financially able to come to Sabine County and take care of her grandmother and she did not see how they could come at that time. Mrs. Miller further testified that the deed in controversy had already been signed by her grandmother when she first learned of it in June of 1973; that she received the executed deed by mail and did not pay her grandmother any money for the deed nor fulfill any of the support obligation therein; that subsequently on July 1, 1975, she deeded the property in question to defendant William Wade Anderson (a brother of appellee)

when he asked that she sign the property over to him, stating that since she had been unable to fulfill the requirements of the deed, he intended to take care of her grandmother; that she did not receive any money or other consideration from William Wade Anderson for such deed.

Appellant William Wade Anderson testified that he obtained the deed from Altha Miller; that he did not pay her any money or other consideration for it; that sometime before the deed from his mother to Altha Miller he learned of his mother's will leaving the property to appellee.

Appellee Frank Bostick Anderson testified that about 1972 he received a copy of his mother's will, that he is claiming title to the property in question as the devisee in such will which has been probated; that he is asking that the deed to Altha Miller be held to be null and void.

Appellant William Wade Anderson predicates his appeal on seven points of error complaining that (1) the judgment canceling the deed from Jewell Esther Anderson to Altha Miller based upon failure of consideration was error since the failure of grantee to perform does not, as a matter of law, work a forfeiture of the estate granted; (2) there was factually insufficient evidence to support a finding that the grantor in the deed intended to create a condition subsequent; (3) the evidence was factually insufficient to support the court's finding that Altha Miller had no intention of performing the promise of support set out as consideration in the deed; there is no evidence (4) that Altha Miller falsely represented to Mrs. Anderson that she would provide and care for her during her lifetime, (5) that Mrs. Anderson relied on such a representation, (6) that she was damaged by reliance thereon; and (7) the judgment was in error because Frank Bostick Anderson had no standing to bring this suit.

■■■ For ease of discussion the first six points will be considered together. We agree with appellant's contention that the promise of support set out as consideration in the deed from Jewell Esther Anderson to Altha Miller created a covenant rather than a condition subsequent. Conditions subsequent are not favored by the courts, and the promise or obligation of the grantee, will be construed as a covenant unless an intention to create a conditional estate is clearly and unequivocally revealed by the language of the instrument. *Hearne v. Bradshaw*, 158 Tex. 453, 312 S.W.2d 948, 951 (1958). Mere failure of consideration resulting from a failure of the grantee to perform as promised is not a sufficient ground for forfeiture of the estate granted in the absence of additional circumstances justifying equitable relief, such as fraud in that the person failing to perform had the intention not to perform at the time the deed was executed. However, cancellation of the deed is the proper remedy if the promise of support was fraudulently made with no intention to carry it out at the time of its execution. 13 Am.Jur.2d, Cancellation of Instruments § 23 (1964); 19 Tex. Jur.2d, Deeds, § 52 (1960) and cases there cited.

■■■ Appellant complains that there was factually insufficient evidence to support the trial court's finding that defendant, Altha Miller, had no intention of performing the promise set out as consideration in the deed. The intent not to perform the promise at the time it is made may be shown by circumstantial evidence including the acts and declarations of the person in securing the contract, as well as his subsequent conduct with respect to refusing to carry out the promise. *Chicago, T.&M.C. Ry. Co. v. Titterington*, 84 Tex. 218, 19 S.W. 472, 474 (1892); *King v. Wise*, 282 S.W. 570, 573 (Tex.Comm'n App. 1926, judgm't adopted); *Blanton v. Sherman Compress Co.*, 256 S.W.2d 884, 888 (Tex.Civ.App.-Dallas 1953, no writ). We have considered all the evidence in the case and conclude it is factually sufficient to support the court's finding that Altha Miller had no intention of keeping or performing the promise of support set out as consideration in the deed. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Furthermore, it is undisputed that Altha Miller did not fulfill the obligation of support which was the sole consideration

set forth in the deed; there was therefore a total failure of consideration for the conveyance in issue as found by the trial court.

■ In order to decide whether a contract was procured by fraud, a court may properly consider the transaction as a whole, including the nature of the transaction, the extent of the consideration, the relationship and interests of the parties, the respective ages of the parties, the extent of defendant's efforts to perform, and all other relevant circumstances. *Pulchny v. Pulchny*, 555 S.W.2d 543, 545 (Tex.Civ. App.-Corpus Christi 1977, no writ); 37 C.J.S. Fraud § 119 (1943).

■ The support representation, set forth as consideration for the deed, obligating Altha Miller as grantee to provide and care for the grantor during the grantor's lifetime was first made by Charlie C. Anderson, purportedly in behalf of Altha Miller, at the time of the execution of the deed. When Altha Miller received the deed, the evidence discloses that she had already determined that she could not fulfill and had no intention of performing the support obligation at the time of the execution of the deed. Furthermore, even though she occupied a position of trust and confidence in her relationship with her grandmother, she took no action to disclose the misrepresentation in the deed or offer to reconvey the property to her grandmother. By remaining silent and failing to speak to correct the false misrepresentation in the deed, she in legal contemplation adopted the misrepresentation as her own. As further evidence of this fact, she retained the deed and approximately two years later conveyed the property in question to appellant William Wade Anderson. Where the particular circumstances impose on a person a duty to speak and he deliberately remains silent, his silence is equivalent to a false representation. 37 C.J.S. Fraud § 16 (1943).

In 25 Tex.Jur.2d Fraud and Deceit § 35, it is stated:

> Fraud is deducible from artifice and concealment as well as from affirmative conduct of a character such as tends to deceive. If there is a duty to speak,

fraud may be found in the concealment of a material fact. If a person sustains toward another a position of trust and confidence, his failure to disclose facts that it is his duty to disclose is as much fraud as would be actual misrepresentation of true facts. That is to say, fraud may exist where there is a concealment of a material fact that should be divulged, as well as where there is a positive misrepresentation of a material fact.

■ In passing on appellant's "no evidence" points we have reviewed the evidence in its most favorable light, considering only the evidence and inferences which support the court's findings, and find that there is evidence of probative force to support the court's implied findings of fraud, that Altha Miller by remaining silent and failing to speak to correct the false representation of support set forth as consideration in the deed made such representation her own, that her grandmother relied upon such representation and was damaged thereby. The fact that Jewell Esther Anderson executed the deed to her homeplace for the sole consideration of the representation for care and maintenance during her lifetime is evidence of her reliance on such representation. As a result of the representation not being performed she was damaged by loss of the support promised and title to the property in question. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974). Points one through six are overruled.

■ We find no merit in appellant's point of error seven wherein he complains that appellee had no standing to bring this suit. It is a fundamental principle that no person may maintain an action in court unless he shows that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity. *City of Waco v. Akard*, 252 S.W.2d 496, 499 (Tex.Civ.App.-Waco 1952, writ ref'd n.r.e.); *Hollar v. Jowers*, 310 S.W.2d 721, 724 (Tex.Civ.App.-Eastland, writ ref'd n.r.e.); *Cozad v. Roman*, 570

S.W.2d 558, 560–61 (Tex.Civ.App.-Corpus Christi 1978, no writ).

In *Housing Authority v. State ex rel. Velasquez*, 539 S.W.2d 911 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n.r.e.), the court stated at page 913:

> The issue of standing to sue has been the subject of much discussion. As a general rule, . . . a person has standing to sue, if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, ethic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest, as well as his own interest. (Citing cases.)

Appellee's petition alleges that on about March 12, 1977, Jewell Esther Anderson died, leaving a last will and testament dated May 5, 1970, in which the property in question was devised to him, and that said will was admitted to probate on April 11, 1977, as a muniment of title in the County Court of Sabine County. The record herein supports these allegations. By proof of the probate of such will and his interest as a devisee thereunder, appellee has shown a justiciable interest in the property in controversy which entitles him to maintain this suit for cancellation of the deed in question from Jewell Esther Anderson to Altha Miller. *Hollar v. Jowers*, supra at page 724; *Edwards v. Williams*, 291 S.W.2d 783, 788 (Tex.Civ.App.-Eastland 1956, no writ); *Glass v. Carpenter*, 330 S.W.2d 530, 536–37 (Tex.Civ.App.-San Antonio 1959, writ ref'd n.r.e.).

An equitable cause of action for recision or cancellation is generally considered to survive the death of the person in whose favor or against whom the cause of action has accrued; and the right to maintain such a suit ordinarily passes to the heirs or to the devisees of the grantor. 12A C.J.S. Cancellation of Instruments § 63.

After the death of a person who was a party to a conveyance and who had a cause of action for its cancellation, his devisees under a will admitted to probate disposing of the property in question would be the proper parties plaintiff in a suit for cancellation of the conveyance. *Hollar v. Jowers*, supra; 12A C.J.S. Cancellation of Instruments § 72. Appellant's point of error seven is overruled.

The judgment of the trial court is affirmed.