Eula Lee HASKINS, Appellant,

v.

FIRST CITY NATIONAL BANK OF LUFKIN, Texas, Appellee.

No. 09–85–094 CV.

Court of Appeals of Texas, Beaumont.

Oct. 17, 1985.

Charles K. Ruth, Nacogdoches, for appellant.

Julie A. Owens, Lufkin, for appellee.

OPINION

BROOKSHIRE, Justice.

Appeal from the granting of a motion for summary judgment filed by the bank. The bank's motion challenged the wording in a 1976 deed from Appellant and her spouse to her son, Joe Wade Haskins, asserting that the language constituted an unreasonable restraint on alienation and was void as a matter of law. The bank argued that it was a direct restraint. There is only one appellant and one appellee in this appeal. The appeal was limited in scope by Appellant. The limitation of appeal filed by Eula Lee Haskins, affirmatively stated that the only portion of the "partial summary judgment" appealed from was that part which held that the alleged condition subsequent in the 1976 deed to Joe Wade Haskins was an unreasonable restraint on alienation and, hence, void.

Sometime in December, 1976, the Appellant and her husband, (who was deceased at the time of the trial), conveyed a hundred acre tract of land to her son, Joe Wade Haskins, as his sole and separate property. The land was situated in Angelina County and was a portion of the H.A. Polland Homestead Tract of 200 acres. The deed was duly recorded November 12, 1976. It reserved a life estate in favor of the Appellant and her husband measured by the natural lifetime of the survivor of them. During this life estate, the survivor was to have "full possession, use and benefit of the above described land and premises, as well as the rents, revenues and profits thereof for and during their natural lives."

The frontal attack is made to the following language in the deed which reads:

"This convyenace [sic] is made subject, however, to the rights of Vendors herein approving or disapproving any subsequent sale which the Vendee herein may desire to enter into or make regarding the tract of land described above and by the acceptance of this Deed, said Vendee does hereby agree that no sale of the premises described herein shall be hereinafter made by said Vendee during the life of the Vendors, or either of them that may survive the other, first approving said sale. After the death of the Vendors, or the survivor of them, this sale shall become absolute and this reservation shall become void."

Joe Wade Haskins, the son, borrowed money on several different occasions from the bank. The first loan took place in August of 1978. Joe Wade Haskins executed several notes at different times secured by deeds of trust on the 100 acres previously conveyed him by his parents. After renewing and extending several notes for Joe Wade Haskins, the bank had a total amount due to it of $174,143.27 plus interest. Joe Wade Haskins and his wife, Sandra Kay Haskins, became financially distressed. A bankruptcy petition was filed in the United States District Court in Houston. The 100 acre tract involved was abandoned as being burdensome to the bankruptcy estate. The issues involved in this suit and this appeal were dismissed without prejudice by the United States Bankruptcy Court, eventually to be tried in the Angelina County District Court.

Sometime thereafter, the bank proceeded to foreclose on Joe Wade Haskins' remainder interest in the 100 acres. *The defendant bank has not interfered with the life estate or homestead rights of Appellant in this property.* Appellant filed suit against the bank as well as against her son and his wife, seeking injunctive relief and pleading that *the entire conveyance to her son be set aside.* The bank's position at trial was that the language and wording quoted above was an unreasonable restraint on alienation and, therefore, void; but that the remaining part of the conveyance should be left in effect.

Appellant's cause of action against the bank was severed from the remaining issues in the District Court proceeding. Later on, these remaining issues were tried to a jury and, based upon the jury's verdict, a judgment that has since become final was

entered decreeing and adjudging that Joe Wade Haskins and Sandra Kay Haskins, his wife, take nothing by reason of their suit against the bank.

Summary judgment was granted in the case on the basis that no material issue existed as to the construction of the wording contained in the 1976 deed.

It should be borne in mind that the challenged language does not contain the words creating a condition or condition subsequent. The deed recites that the vendors have the right to approve or disapprove *any subsequent sale* and that the vendee agrees that *no sale of the premises shall be made without approval.* The language simply does not speak of *a condition or condition subsequent;* there is no provision for a *reverter or a reversion.* The bank maintains that the challenged language of the deed violates public policy.

We find the case of *Diamond v. Rotan,* 124 S.W. 196 (Tex.Civ.App.—1909, writ ref'd) to be remarkably similar and parallel. There the grantor, for the consideration of love and affection and the sum of $1.00, remised, released and quitclaimed to the grantee certain parcels of land lying in Fannin County subject to the following conditions:

"... To have and to hold the same unto him the said William Henry Leonard for and during his natural life unless the same or some part thereof should be sold by him or some creditor of his, in which event said land and the title thereto is to immediately vest in his children...."

In *Diamond, supra,* application for writ of error was refused outright. The court held that a restraint on the power of alienation incorporated in the deed conveying a fee simple right to the property was void. We perceive the language in the 1976 deed is weaker than in *Diamond, supra.* In *Diamond,* upon the happening of a sale of the land by grantee or a sale by a creditor of the grantee, the conveyance provided:

"... in which event said land and the title thereto is to immediately vest in his children...."

We have no such strong wording in our case. The court, in *Diamond, supra,* approved the case of *Potter v. Couch,* 141 U.S. 296, at (316), 11 S.Ct. 1005, at (1010), 35 L.Ed. 721, 732 (1890), quoting therefrom as follows:

"But the right of alienation is an inherent and inseparable quality of an estate in fee simple. In a devise of land in fee simple, therefore, a condition against all alienation is void, because repugnant to the estate devised ... For the same reason a limitation over, in case the first devisee shall alien, is equally void, whether the estate be legal or equitable...."

We find a correct construction of the deed demonstrates that, subject only to the reserved life estate, the son had a fee simple remainder. Unquestionably, the son's remainder interest was in the nature of a fee simple interest. We hold that the language used creates at most a covenant or an agreement. It is clearly not a condition subsequent. The Appellant's available remedy would be one for a breach of the covenant or agreement against her son. But the violation of such agreement would not vitiate or diminish the bank's security interest in Joe Wade Haskins' fee simple remainder interest.

In *Anderson v. Anderson,* 620 S.W.2d 815 (Tex.Civ.App.—Tyler 1981, no writ), the unanimous court wrote, at page 818:

"... Conditions subsequent are not favored by the courts, and the promise or obligation of the grantee, will be construed as a covenant unless an intention to create a conditional estate is clearly and unequivocally revealed by the language of the instrument. *Hearne v. Bradshaw,* 158 Tex. 453, 312 S.W.2d 948, 951 (1958). Mere failure of consideration resulting from a *failure of the grantee to perform as promised* is not a sufficient ground for forfeiture of the estate granted in the absence of additional circumstances justifying equitable relief...." (Except for case cited, emphasis ours)

But the language of the 1976 deed does not evince the creation of a conditional estate; the deed negates a conditional estate. In *Hearne v. Bradshaw*, 158 Tex. 453, 312 S.W.2d 948 (1958), the unanimous Supreme Court wrote, at 951:

"Conditions subsequent are not favored by the courts, and the promise or obligation of the grantee will be construed as a covenant unless an intention to create a conditional estate is clearly and unequivocally revealed by the language of the instrument. In cases where the intention is doubtful, the stipulation is treated as a covenant rather than a condition subsequent with the right to defeat the conveyance. See *Chicago, T. & M.C. Ry. Co. v. Titterington*, 84 Tex. 218, 19 S.W. 472, 31 Am.St.Rep. 39; *Ryan v. Porter*, 61 Tex. 106. Here the parties did not see fit to provide that the grantees' failure to perform would cause the property to revert to the grantor, and there is nothing in the deed to indicate that they intended to create a conditional estate. Although petitioners argue to the contrary, the grantor's reservation of a life estate does not suggest that the estate granted would be forfeited if the other stipulations of the instrument were breached. We agree with the Court of Civil Appeals, therefore, that the provisions obligating respondents to maintain the property, pay the taxes and insurance, and furnish food and clothing to the grantor were covenants and not conditions. The remedy for their breach is an action for damages, and petitioners were not entitled to recover the estate conveyed to respondents by the deed."

Hence, if we construed the language in the 1976 deed as a condition subsequent (which it is not), our holding and results would be the same.

Construing the wording of the 1976 deed, and finding that Joe Wade Haskins did not make a sale to the Bank, we must affirm.

1. We quote from the brief of Appellant at page 10:
   "A review of the deed in its entirety, as well as the testimony of the Plaintiff herself fairly

Of commanding interest is the case of *O'Connor v. Thetford*, 174 S.W. 680 (Tex. Civ.App.—San Antonio 1915, writ ref'd). In *O'Connor, supra*, a conveyance was made to one John D. Thetford of Frio County: "... subject however to the full effect of the condition subsequent hereinafter set out." The conveyance was declared to be a deed of gift and the controlling condition was to prevent alienation, either voluntary or involuntary. The deed read:

"... That any alienation, voluntary or otherwise or any attempt at alienation, of all or any portion of said premises on the part of said grantee herein named, shall have the force and effect to at once terminate all estate passed to said grantee under this conveyance and shall cause all estate hereby conveyed to immediately revest in the grantor, Thomas M. O'Connor, if living, or if dead, in his heirs and legal representatives...."

The court acknowledged that it was a condition subsequent; nevertheless, the court construed the conveyance to be an absolute fee simple estate free of the condition, holding further that such condition subsequent was void. Under Texas land law the well-established rule is that deeds are to be construed so as to confer upon the grantee the greatest estate possible. *See Fitts v. Stone*, 140 Tex. 206, 166 S.W.2d 897 (1942)[1].

Nothing in this opinion shall be construed to diminish the life estate of Eula Lee Haskins in the land in question.

AFFIRMED.

DIES, C.J., not participating.

reveals that the estate which *she intended to convey was one in fee-simple* with the reservation of a life estate." (Emphasis added)